USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/15/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AL ABDO,

               Plaintiff,

- against -

LESLIE WESTREICH ET AL.,

               Defendants.

---

17-cv-628 (JGK)

MEMORANDUM OPINION & ORDER

JOHN G. KOELTL, District Judge:

The plaintiff, Al Abdo, brings this action against the defendants -- Leslie Westreich, Citi Manhattan Partners I, and Does 1-20 -- alleging breach of contract, breach of fiduciary duty, fraud, and unfair competition.

The plaintiff, who was originally represented by counsel, filed this action in the Los Angeles Superior Court in California in 2016. The defendants removed the action to federal court, and then succeeded on a motion to transfer the case to this District under 28 U.S.C. § 1404(a). Abdo v. Westreich, No. 16cv8972, 2017 WL 10221413, at *2 (C.D. Cal. Jan 25, 2017). The plaintiff's attorney withdrew as counsel when the action was transferred to this District. The plaintiff is now proceeding pro se.

The defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). The defendants argue that the statute of limitations has run on all of the plaintiff's claims,

and that the plaintiff has failed to state a plausible claim upon which relief may be granted. For the reasons explained below, the plaintiff's claims are time-barred. Accordingly, the defendants' motion is granted, and it is therefore unnecessary to consider the defendants' argument that the plaintiff has failed to state a claim upon which relief may be granted.

I.

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

2

While courts should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id. A court may also consider documents incorporated by reference in the complaint as well as documents the plaintiff either had in the plaintiff's possession or had knowledge of and upon which the plaintiff relied in bringing suit. See Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991).

Courts are to afford pro se litigants "special solicitude," Ruotolo v. I.R.S., 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), by construing their pleadings liberally "to raise the strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 472 (2d Cir. 2006) (per curiam) (quotation marks omitted). Accordingly, courts apply a more flexible standard when evaluating the sufficiency of a pro se litigant's complaint than when reviewing a complaint submitted by counsel. Perez v. City of N.Y., No. 14cv7502, 2015 WL 3652511, at *2 (S.D.N.Y. June 11, 2015). This liberal pleading standard, however, "does not excuse a pro se plaintiff from providing sufficient factual allegations that state a plausible claim." Tyler v. Argo, No. 14cv2049, 2014 WL 5374248, at *2 (S.D.N.Y. Oct. 10, 2014). A pro se plaintiff's complaint may be

dismissed for failing to state a claim upon which relief can be granted. Id.

Although the statute of limitations is an affirmative defense, a claim can be dismissed as time-barred "under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." Bastien v. Samuels, No. 14cv1561, 2014 WL 5306016, at *3 (E.D.N.Y. Oct. 15, 2014) (quotation marks omitted); see also Moran v. GTL Const., LLC, No. 06cv168, 2007 WL 2142343, at *1 (S.D.N.Y. July 24, 2007) ("A motion to dismiss on statute of limitations grounds is properly viewed as a Federal Rules of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim.").

**II.**

The following facts alleged in the complaint are accepted as true for purposes of this motion.

Citi-Equity Group, Inc. ("CEG") was formed by Gary Lefkowitz -- who is not party to this action -- in 1984 to act as a corporate general partner in certain limited partnerships that Lefkowitz formed in relation to real estate investments. Compl. ¶¶ 15-16. One of those limited partnerships was Citi-Manhattan Partners I ("CMP"). See id. ¶ 21. Abdo claims to have been a limited partner in CMP. Id. ¶ 12.

In 1986, Lefkowitz hired defendant Leslie Westreich to act as Lefkowitz's attorney and represent Lefkowitz in various real

4

estate operations, including the purchase and operation of the Columbus Manor Apartments, Westwood House Apartments, Townhouse West Apartments, and Highbridge House Apartments. Id. ¶¶ 5-8. CEG was forced into Chapter 11 bankruptcy in May of 1994. See United States v. Lefkowitz, 125 F.3d 608, 619 (8th Cir. 1997).

Although it is difficult to understand from the complaint the nature of Abdo's claims against Westreich, the gravamen of the complaint is that Westreich used confidential information that Westreich obtained in his capacity as Lefkowitz's attorney to orchestrate the sale of various CEG interests to the detriment of the limited partners. Compl. ¶¶ 12, 21. Abdo alleges that Westreich used information that he obtained from Lefkowitz to purchase interests in CEG and CMP. Id. ¶ 21. In approximately 1996, Westreich purchased a general partner interest in CEG and CMP in the name of an entity Westreich owned, Affordable Housing General Partners, LLC ("AHGP"). Id. Westreich also used confidential information from Lefkowitz to purchase the Columbus Manor Apartments for Westreich's personal benefit, and not to the benefit of the CEG or CMP[1] limited partners. Id.

Abdo alleges that after Westreich acquired interests in CEG and CMP, Westreich threatened Abdo and the other CMP limited

---

[1] In his complaint, Abdo often refers to "the limited partners" see Compl. ¶ 21, or "the partnership," id. ¶ 23, without specifying whether he intends to refer to CEG or CMP.

5

partners in a 1996[2] letter that if they did not accept a restructuring proposal, the limited partners would be subject to a $40 million tax liability. Id. ¶ 23; Gottlieb Decl. Ex. 3. Abdo does not allege that he did anything to protect his interests upon receiving the 1996 letter, only that Abdo did not agree to the restructuring proposal outlined in the letter. Compl. ¶ 23.

Abdo brings a breach of contract claim on the ground that "Abdo and Westreich had an agreement with respect to the confidential and attorney client information given to Westr[ei]ch," and that "Westreich breached the contract by not sharing in the profits he made by selling the Columbus Manor Apartments and not sharing the profits with the Limited Partners." Id. ¶¶ 54-55. The complaint fails to make clear what facts support the allegation that Abdo and Westreich had a contract regarding the attorney-client relationship between Lefkowitz and Westreich.

---

[2] Although Abdo does not state when Westreich made this threat, the defendants attached the allegedly threatening letter to their motion to dismiss, and the plaintiff refers to this letter in the complaint. See Gottlieb Decl. Ex. 3. Indeed, the plaintiff agrees in his opposition papers that the attached letter is a correct copy of the alleged threat. See Dkt. No. 54 at 7. The letter is dated February 8, 1996. Gottlieb Decl. Ex. 3. The Court may take judicial notice of the 1996 date, because in deciding a Rule 12(b)(6) motion to dismiss, courts may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew or when bringing suit, or matters of which judicial notice may be taken. Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

Abdo brings a breach fiduciary duty claim on the ground that "there was a fiduciary duty between Abdo and Westreich," and that "Westreich breached that duty." Id. ¶¶ 57-58. Again, the complaint does not make clear what facts support this claim.

Abdo brings a fraud claim arguing that Westreich promised Abdo and the partnership that Westreich "would carry out his fiduciary duty to the partnership" and that Westreich actually intended not to carry out his fiduciary duty. Id. ¶¶ 62-63.

Abdo brings an unfair competition claim under California Business and Professions Code § 17200. Abdo does not state in the complaint what facts support his unfair competition claim. See id. ¶¶ 66-69.

Abdo seeks $2 billion in damages for each of his four causes of action as well as punitive damages for all but his breach of contract claim and a reasonable attorney's fee.

### III.

The defendants move to dismiss the complaint arguing that the statute of limitations has run on all of the plaintiff's claims and that the plaintiff's complaint fails to assert plausible claims under Twombly, 550 U.S. at 570 and Iqbal, 556 U.S. at 678. The plaintiff does not respond to the defendants' statute of limitations arguments.

Because this action was originally brought in a California State court, removed to a federal court in the Central District

of California, and then transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a), California State law applies to the issues in this case. See Van Dusen v. Barrack, 376 U.S. 612, 639 (1964) ("[W]here the defendants seek transfer, the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue.").[3]

Under California law, the statute of limitations generally begins to run when a cause of action "accrues," in other words, "on the date of injury." See Bernson v. Browning-Ferris Indus., 873 P.2d 613, 615 (Cal. 1994) (in bank) (internal citations omitted); see also Aryeh v. Canon Bus. Solutions, Inc., 292 P.3d 871, 875 (Cal. 2013) (noting that a "cause of action accrues when [it] is complete with all of its elements -- those elements being wrongdoing, harm, and causation" (quotation marks omitted)); Lefkowitz v. Westreich, No. 16cv6845, 2017 WL 3491968, at *4 (S.D.N.Y. Aug. 11, 2017).

**A.**

With respect to Abdo's breach of contract claim, California Code of Civil Procedure § 337(1) provides that actions based

---

[3] The Court would apply California choice of law principles to determine what substantive law would apply. See, e.g., Mazzola v. Roomster Corp., 849 F. Supp. 2d 395, 401 n.1 (S.D.N.Y. 2012). But because the parties do not dispute that California substantive law applies, the Court can accept that agreement. See, e.g., id. In any event, there is no indication that the claims asserted in this complaint would be timely under the law of any state with a possible interest in the claims asserted.

8

upon any written contract must be commenced within four years after the cause of action accrues. Cal. Code Civ. P. § 337(1). Claims based on contracts that were not reduced to writing must be brought within two years. Id. § 339(1). Abdo alleges that there was a contract between Abdo and Westreich, but Abdo does not allege the substance of that contract or if it was memorialized in writing. However, even using the longer four-year statute of limitations, Abdo's claims are time-barred.

Abdo alleges that Westreich breached the alleged contract when Westreich used information he obtained as Lefkowitz's attorney to purchase the Columbus Manor Apartments for his own benefit in 1996, and when he sold the Citi-Manhattan I building in 2006. Compl. ¶¶ 21, 48-51, 54-55. Because the alleged breach occurred in 2006 at the latest, the statute of limitations expired in 2010.

**B.**

The statute of limitations has also expired for Abdo's claim for breach of fiduciary duty. Abdo does not specifically allege how Westreich breached his fiduciary duty. To the extent that Abdo bases this claim on the loss of his limited partnership interests, Abdo alleges that Westreich threatened those interests by letter in 1996. Therefore, at the time that Abdo filed his complaint, Abdo had been aware of this claim for two decades.

Under California law, an action for breach of fiduciary duty is governed by a residual four-year statute of limitations. See Cal. Code Civ. P. § 343; Thomson v. Canyon, 129 Cal. Rptr. 3d 525, 534 (Ct. App. 2011) ("The Code of Civil Procedure does not specify a statute of limitations for breach of fiduciary duty. The cause of action is therefore governed by the residual four-year statute of limitations in Code of Civil Procedure section 343."). Abdo alleges that Westreich's wrongful conduct occurred in 1996 when Westreich allegedly threatened the limited partners. Accordingly, the statute of limitations for this claim expired in 2000.

### C.

Under California law, fraud claims are subject to a three-year limitations period that begins on the date that the plaintiff discovers the facts constituting the fraud. Cal. Code Civ. P. § 338(d). Abdo alleges that he became aware of the defendants' allegedly fraudulent conduct when Westreich sent the 1996 letter that the plaintiff characterizes as a threat. Accordingly, the statute of limitations for the plaintiff's fraud claim expired in 1999.

### D.

Unfair competition claims brought under California Business and Professions Code § 17200 must be brought within four years of accrual. See Cal. Bus. & Professions Code § 17208. Although

the complaint does not make clear what specific facts support the claim of unfair competition, Abdo alleges that Westreich made the allegedly threatening restructuring proposal in 1996. Therefore, the statute of limitations for the plaintiff's unfair competition claim expired in 2000.

Accordingly, all of the plaintiff's claims were time-barred when he brought this action in 2016.

**IV.**

In his response to the defendants' motion, the plaintiff neither responds to the defendants' argument that the plaintiff's claims are time-barred, nor does the plaintiff argue that the statute of limitations should be tolled. In any event, tolling does not apply to any of the plaintiff's claims.

First, the discovery rule would not apply to toll the relevant statutes of limitations. The discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." Grisham v. Philip Morris U.S.A., Inc., 151 P.3d 1151, 1156 (Cal. 2007) (quotation marks omitted). A plaintiff "has reason to discover a cause of action when he or she has reason at least to suspect a factual basis for its elements." Id. (quotation marks omitted).

Here, it is plain that the plaintiff had reason to suspect that he had been wronged by the defendants as early as 1996 when the plaintiff received the allegedly threatening letter. Compl.

11

¶ 23. In addition to the fact that the plaintiff received the allegedly threatening letter in 1996, as an alleged partner of CMP, the plaintiff would have had notice of the relevant bankruptcy proceedings. Moreover, he would have stopped receiving K-1s or any partnership distributions. Accordingly, the facts and circumstances "should have caused [the plaintiff] to make inquiry or to investigate." See Balfour, Guthrie & Co. v. Hansen, 38 Cal. Rptr. 525, 536 (Ct. App. 1964)

Despite receiving a letter that the plaintiff perceived as a threat, the plaintiff does not contend that he took any action to protect his interests. There is a rebuttable presumption in California that plaintiffs "have knowledge of the wrongful cause of an injury." Grisham, 151 P.3d at 1159 (quotation marks omitted). To rebut this presumption, the plaintiff must show that he was unable to discover the cause of action "despite reasonable diligence." Id. (quotation marks omitted). A plaintiff must "seek to learn the facts necessary to bring the cause of action in the first place -- he cannot wait for them to find him and sit on his rights; he must go find them himself if he can and file suit if he does." Norgart v. Upjohn Co., 981 P.2d 79, 88-89 (Cal. 1999) (quotation marks omitted). Moreover, statutes of limitations are "not tolled while a plaintiff searches for evidence to make out [his] case." Wang & Wang LLP v. Banco do Brasil, S.A., No. 2:06cv761, 2008 WL 5070133, at *4

12

(E.D. Cal. Nov. 26, 2008). Because the plaintiff has not alleged or argued that he was reasonably diligent, the discovery rule does not apply.

Second, the plaintiff's lack of reasonable diligence forecloses any argument that the statute of limitations should be tolled under the fiduciary tolling doctrine. See Electronic Equip. Express, Inc. v. Donald H. Seiler & Co., 176 Cal. Rptr. 239, 251 (Ct. App. 1981) (noting that under the fiduciary tolling doctrine, "the limitations period for professional negligence begins to run when the negligence is discovered or with reasonable diligence could have been discovered" (citations omitted)); Lefkowitz, 2017 WL 3491968, at *5 n.6.

Third, the statute of limitations cannot be tolled under the doctrine of fraudulent concealment. Under the doctrine of fraudulent concealment, a "defendant's fraud in concealing a cause of action against him tolls the applicable statute of limitations, but only for that period during which the claim is undiscovered by plaintiff or until such time as plaintiff, by the exercise of reasonable diligence, should have discovered it." Bernson, 873 P.2d at 615 (quotation marks omitted).

The plaintiff has not alleged facts that would support an allegation that the defendants fraudulently concealed the facts supporting the causes of action alleged by the plaintiff. Accordingly, fraudulent concealment does not apply.

13

Finally, equitable estoppel does not apply. Equitable estoppel applies to "circumstances in which a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because his conduct has induced another into forbearing suit within the applicable limitations period." Lantzy v. Centex Homes, 73 P.3d 517, 532 (Cal. 2003). To invoke the doctrine of equitable estoppel, a plaintiff must plead facts showing that the defendants' conduct "actually and reasonably induced [the] plaintiff[] to forbear" filing suit. Id. at 533; Lefkowitz, 2017 WL 3491968, at *6.

The plaintiff has not pleaded any facts to show that the defendants "actually and reasonably induced" the plaintiff to refrain from filing suit. Lantzy, 2 Cal. Rptr. 3d at 674. Accordingly, equitable estoppel does not apply.

## CONCLUSION

For the reasons explained above, the plaintiff's claims are time-barred, and the defendants' motion to dismiss is **granted**. The plaintiff's claims are **dismissed with prejudice**. The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. The Clerk is directed to enter judgment

14

dismissing the complaint. The Clerk is also directed to close all pending motions and to close this case.

**SO ORDERED.**

**Dated:**     **New York, New York**
               **April 15, 2019**

                                      **John G. Koeltl**
                                 **United States District Judge**